IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>        v.<br><br>VERSATILE METALS, INC.,<br><br>          Defendant. | Civil Action No. |

## COMPLAINT

Plaintiff, the United States of America, by authority of the Attorney General, and at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), alleges as follows:

### Nature of the Action

1. This is a civil action brought pursuant to Sections 107(a)(2) and 113(g)(2) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") of 1980, as amended, 42 U.S.C. §§ 9607(a)(2) and 9613(g)(2), for recovery of environmental response costs incurred by the United States at the Metal Bank of America, Inc. Superfund Site in Philadelphia, Pennsylvania.

### Jurisdiction and Venue

2. This Court has jurisdiction over the subject matter of this action pursuant to 42 U.S.C. § 9613(b), and 28 U.S.C. §§ 1331 and 1345.

– 1 –

3.      Venue is proper in the Eastern District of Pennsylvania pursuant to 42 U.S.C. § 9613(b) and 28 U.S.C. § 1391(b)(2).

### Defendant

4.      Defendant Versatile Metals, Inc. ("Versatile Metals") is a corporation formed under the laws of the State of Kentucky with its principal place of business in Schaumberg, Illinois. Versatile Metals' primary business is metals trading.

### Description of the Site

5.      From approximately December 1984 through May 1985, Versatile Metal leased and operated a metal scrap yard at 6801 State Road, Philadelphia, Pennsylvania ("6801 State Road Property"), which is part of the Metal Bank of America, Inc. Superfund Site ("Site").

6.      The 6801 State Road Property consists of approximately six acres, most of which are currently covered by an asphalt cap.

7.      Besides the 6801 State Road Property, the Site includes a subterranean sewer line owned by the City of Philadelphia. This sewer line drains to the Delaware River.

8.      From approximately 1969 to 1984, Metal Bank of America, Inc. ("Metal Bank"), a wholly owned subsidiary of Union Corporation ("Union Corp.") and a former owner of the 6801 State Road Property, operated a metal scrapyard and transformer-reclamation facility at the 6801 State Road Property, as well as at a nearby, separate facility on Milnor Street ("the Cottman Avenue Site").

9.      Electrical transformers, like the ones processed by Metal Bank at the Site, generally had an outer metal casing with a copper core immersed in dielectric fluid or oil used

– 2 –

for insulation and cooling purposes. Dielectric fluids in scrap transformers processed at the Site frequently contained polychlorinated biphenyls ("PCBs"), which have been associated with certain human cancers and other diseases.

10.     In November 1984, Versatile Metals and Metal Bank entered into an agreement for liquidating Metal Bank's inventory at the 6801 State Road Property, with Versatile Metals acting as a broker for Metal Bank.

11.     In January 1985, Versatile Metals and Metal Bank entered into a lease/purchase agreement for the 6801 State Road Property and for the sale of Metal Bank's other assets at the Site, including the inventory, equipment, and machinery located there.

12.     From approximately January 4, 1985, until about May 23, 1985, Versatile Metals was engaged in the sale of the scrap-metal inventory and other items it had purchased from Metal Bank. This scrap metal was stored outdoors in large piles at the 6801 State Road Property.

13.     In late April 1985, Versatile Metals discovered substantial areas of oil-stained soil at the Site and notified Metal Bank. Sampling conducted by Metal Bank's environmental consultant revealed significant PCB contamination at the 6801 State Road Property. At Metal Bank's request, Versatile Metals agreed to vacate the 6801 State Road Property in late May 1985.

14.     After conducting further investigation, Metal Bank's environmental consultant concluded there was substantial contamination of the 6801 State Road Property that was the result of both long-term and recent spills of PCBs from capacitors and transformers that were mixed in the piles of scrap-metal inventory. Versatile Metals likely caused spills of PCBs during its operations at the 6801 State Road Property when it mishandled transformers or capacitors.

– 3 –

15.     Metal Bank performed a private-party environmental response action (or cleanup) at the 6801 State Road Property in 1985 and 1986.

Prior Private-Party Litigation

16.     Versatile Metals filed a civil suit in the United States District Court against Metal Bank and its parent Union Corp. in July 1985, alleging damages under Pennsylvania law for breach of express warranties, breach of implied warranties, breach of contract, and fraudulent misrepresentation.

17.     Metal Bank counterclaimed under Pennsylvania law for breach of contract, breach of lease, breach of an indemnification clause, waste, and fraud. Metal Bank also filed a private-party cost-recovery action under Section 107(a)(4)(B) of CERCLA, 42 U.S.C. § 9607(a)(4)(B), for response costs Metal Bank incurred during its cleanup of the Site.

18.     After a trial, a federal jury found in 1988 that, on the Pennsylvania law claims, Versatile Metals was fifty-five percent responsible and Metal Bank forty-five percent responsible for the contamination at the Site.

19.     On Metal Bank's CERCLA claims, U.S. District Court Judge James McGirr Kelly found that Versatile Metals was liable under Section 107(a) of CERCLA for any contamination that occurred at the Site after November 20, 1984, and that this contamination occurred because of Versatile Metals' mishandling of the scrap-metal inventory and failure to use reasonable care.

EPA's Response Actions

20.     EPA conducted an extensive investigation of the Site in 2007 and 2008 under Section 104(a) of CERCLA, 42 U.S.C. § 9604(a). This investigation revealed that elevated levels

– 4 –

of PCBs and other hazardous substances remained at depth in soils at the Site, despite Metal Bank's earlier remediation efforts.

21.     In 2011, EPA investigated the Site further and found PCBs were being released via groundwater into the sewer line beneath the Site. This sewer line, which was constructed with bricks and is owned by the City of Philadelphia, discharges to the Delaware River about a quarter-mile from the Site.

22.     Pursuant to Section 104(a) of CERCLA, 42 U.S.C. § 9604(a), EPA issued an Action Memorandum on September 28, 2011, selecting a removal action for the Site that included, among other things, installation of an impermeable liner in the sewer line beneath the Site to prevent releases of PCBs to the Delaware River. The Action Memorandum also required the repair and replacement of a damaged asphalt cover at the Site to prevent infiltration of surface- and storm-water beneath the cover.

23.     A removal action was conducted at the Site from late October 2015 to October 2016 using monies from the Hazardous Substance Response Trust Fund, commonly referred to as the Superfund.

General Allegations

24.     Defendant Versatile Metals is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

25.     The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

26.     "Hazardous substances," within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), were disposed of at the Site.

– 5 –

27.     There has been a "release or threatened release" of hazardous substances into the environment at the Site, as defined by Section 101(22) of CERCLA, 42 U.S.C. § 9601(22).

28.     In accordance with Section 104(a) of CERCLA, 42 U.S.C. § 9604(a), and the National Oil and Hazardous Substances Contingency Plan ("NCP"), 40 C.F.R. Part 300, EPA conducted a removal action at the Site to protect public health, welfare, or the environment. Through June 6, 2018, EPA has incurred $1,462,582.90, including prejudgment interest, for its response actions related to the Site.

## CAUSE OF ACTION
(Recovery of Response Costs)

29.     The foregoing Paragraphs are incorporated by reference as if fully stated herein.

30.     The United States incurred costs authorized by Section 104(a) of CERCLA, 42 U.S.C. § 9604(a), because of the release or threat of release of hazardous substances from the Site.

31.     The United States' activities related to the Site were "response" actions as defined by Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

32.     The costs incurred by the United States in conducting the response actions were incurred in a manner not inconsistent with the NCP, which was promulgated pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, and is codified at 40 C.F.R. Part 300.

33.     Defendant was an operator of the Site at a time when hazardous substances were disposed of there.

34.     Therefore, pursuant to Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2),

Defendant is jointly and severally liable for all costs of response action incurred by the United

States in relation to the Site.

## SECOND CAUSE OF ACTION
(Declaratory Judgment)

35.     The foregoing Paragraphs are incorporated by reference as if fully stated herein.

36.     The United States will continue to incur response costs at the Site for, among

other things, inspections or repair of the impermeable sewer-lining and asphalt cover installed at

the Site as part of the removal action, as well as additional site assessment.

37.     Defendant is subject to a declaratory judgment under Section 113(g)(2) of

CERCLA, 42 U.S.C. § 9613(g)(2), on liability for response costs or damages that will be binding

on any subsequent actions to recover further response costs or damages.

## PRAYER FOR RELIEF

WHEREFORE, the United States of America respectfully requests that this Court enter a

judgment against Defendant as follows:

A.      Finding Defendant jointly and severally liable pursuant to Section 107(a)(2) of

CERCLA, 42 U.S.C. § 9607(a)(2), and ordering Defendant to pay all response costs incurred by

the United States, plus accrued interest as provided by Section 107(a) of CERCLA, 42 U.S.C. §

9607(a).

B.      Entering a declaratory judgment of liability under Section 113(g)(2) of CERCLA,

42 U.S.C. § 9613(g)(2), against Defendant that will be binding on any subsequent action by the

United States to recover further response costs or damages incurred at the Site.

– 7 –

C.   Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

NATHANIEL DOUGLAS
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice

ROBERT S. HASSON
Special Attorney
JOHN SITHER
Senior Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C.  20044-7611
(202) 514-5484
John.Sither@usdoj.gov

WILLIAM M. McSWAIN
United States Attorney
Eastern District of Pennsylvania

GREGORY B. DAVID
Chief, Civil Division
Eastern District of Pennsylvania

STACEY L. B. SMITH
Assistant United States Attorney
Eastern District of Pennsylvania

– 8 –

<u>Of Counsel</u>:

ROBERT S. HASSON
Senior Assistant Regional Counsel
EPA Region III
Philadelphia, PA 19103
hasson.robert@epa.gov

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America | Versatile Metals, Inc. |

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Cook County, Illinois
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Robert S. Hasson, U.S. Environmental Protection Agency, 1650 Arch St., Philadelphia, PA 19103; (215) 814-2672.

Attorneys *(If Known)*
Andrew L. Schulkin, Lathrop Gage, 155 N. Wacker Drive, Suite 3000, Chicago, IL 60606-1787; (312) 920-3311.

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1   U.S. Government Plaintiff

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans | ☐ 345 Marine Product Liability | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| (Excludes Veterans) | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☒ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original Proceeding
☐ 2   Removed from State Court
☐ 3   Remanded from Appellate Court
☐ 4   Reinstated or Reopened
☐ 5   Transferred from Another District *(specify)*
☐ 6   Multidistrict Litigation - Transfer
☐ 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
42 U.S.C. 9607(a) and 9613(g)
Brief description of cause:
Cost recovery action for environmental response costs.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
1,487,174.47

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   09/24/2018

SIGNATURE OF ATTORNEY OF RECORD
*Robert Hasson*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Case 2:18-cv-04126-JP  Document 1-2  Filed 09/25/18  Page 2 of 1

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ___ U.S. Dept. of Justice, ENRD-EES, P.O. Box 7611, Washington, DC 20044-7611

Address of Defendant: ___ 913 Plum Grove Road, Suite A, Schaumburg, IL 60173

Place of Accident, Incident or Transaction: ___ 6801 New State Road, Philadelphia, PA 19135

---

**RELATED CASE, IF ANY:**

Case Number: ___ Judge: ___ Date Terminated: ___

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

2  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

3  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [✓]

4  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [✓]

I certify that, to my knowledge, the within case [ ] is / [✓] is not related to any case now pending or within one year previously terminated action in this court except as noted above

DATE 09/25/2018   _Attorney-at-Law / Pro Se Plaintiff_   80596 (PA)   _Attorney ID # (if applicable)_

---

**CIVIL** (Place a ✓ in one category only)

A.  **Federal Question Cases:**

1  Indemnity Contract, Marine Contract, and All Other Contracts
2  FELA
3  Jones Act-Personal Injury
4  Antitrust
5  Patent
6  Labor-Management Relations
7  Civil Rights
8  Habeas Corpus
9  Securities Act(s) Cases
10  Social Security Review Cases
11  All other Federal Question Cases *(Please specify)* ___ Environmental Matters (CERCLA) [✓]

B.  **Diversity Jurisdiction Cases:**

1  Insurance Contract and Other Contracts
2  Airplane Personal Injury
3  Assault, Defamation
4  Marine Personal Injury
5  Motor Vehicle Personal Injury
6  Other Personal Injury *(Please specify)*
7  Products Liability
8  Products Liability - Asbestos
9  All other Diversity Cases *(Please specify)*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration )*

I, ___ Robert S. Hasson ___, counsel of record or pro se plaintiff, do hereby certify

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 00 exclusive of interest and costs

[ ] Relief other than monetary damages is sought

SEP 25 2018

DATE 09/24/2018   _Attorney-at-Law / Pro Se Plaintiff_   PA 80596   _Attorney I D # (if applicable)_

NOTE  A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

Civ 609 (5/2018)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |
|---|---|---|
| United States of America, | : |  |
| Plaintiff | : | CIVIL ACTION |
|  | : |  |
| v. | : |  |
| Versatile Metals, Inc., | : |  |
| Defendant | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.      ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      ( X )

| 09/24/2018 | Robert Hasson | UNITED STATES of AMERICA |
|---|---|---|
| **Date** | **Robert S. Hasson** | **Attorney for** |
| (215) 814-2672 | (215) 814-2603 | hasson.robert@epa.gov |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02